IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL DAVIS,                                      Civil No. 08-6124-HO

        Plaintiff,                               ORDER

        v.

DULCICH, INC. an Oregon
corporation, et al.,

        Defendants.

    The complaint alleges that defendant Pacific Hooker LLC is vicariously liable for negligence that resulted in injury to plaintiff.[1]  Defendant filed a motion for summary judgment and a motion to strike evidence submitted by plaintiff in opposition to defendant's motion for summary judgment.  The motion to strike is denied, but the court is mindful of the objections raised in the motion and supporting papers.

---

[1] The complaint alleges jurisdiction based on 9 U.S.C. § 905(b), and designates plaintiff's claim as a maritime/admiralty claim.

Regarding the summary judgment motion, the parties agree that plaintiff, a painting foreman for Giddings Boat Works, was injured by an explosion while painting inside a ballast tank recently installed by Giddings on the F/V Pacific Hooker.

Plaintiff states,

> I believe the explosion of the quartz light caused the fumes to explode that injured me.  However, I concluded that the light itself exploded due to some external electrical event or short.  The cause of the external short which is evidenced by the (weld tick/weld blemish/) scorch mark on the quartz light I was using suggests an external source.  I have that light in my possession.  The ballast box on the back of the light was damaged from the outside and it was not damaged before the accident.  The only external source that could have caused this accident was welding or some activity being conducted on the Pacific Hooker by Pacific Hooker employees.  Unfortunately I have been unable to locate or identify any persons who can verify the Pacific Hooker was the source of or the external cause for this explosion.

Emerson Aff., ex. 1 at 4 (Davis Aff., ¶ 7(f)).  Plaintiff further states that Captain Mark Bowers told him that Bowers and Pacific Fishing LLC fleet manager Jerry Hampel were welding on the wheel house when the accident happened, and that the wheelhouse is approximately 35 feet from where the explosion occurred.  Id., (Davis Aff. ¶ 7(h)).  Plaintiff further states that he reviewed documentation of an interview by Sea Breeze Investigations in which Mr. Ronald Yaakola is reported to have stated that "there was a guy grinding underneath and there was a guy grinding on top of the deck[,]" and "[t]here were guys grinding on the bottom of the boat . . . probably within six to ten feet."  Id., ex. 1 at

2 - ORDER

4-5, (Davis Aff. ¶ 7(g), ex. 2 at 1, 3.

Hampel denies that he or Bowers welded or grinded while plaintiff painted. Hampel Aff., ¶ 12. Plaintiff does not allege or provide proof that Yaakola is an employee or agent of defendant. Yaakola's statements are hearsay. In any event, plaintiff's theory that welding or other activity necessarily within the control or responsibility of defendant caused the quartz light to explode is speculative at best. Plaintiff also fails to demonstrate that he is qualified to provide an opinion regarding the cause of damage to the quartz light or the cause of the explosion that injured him. Therefore, no reasonable factfinder could conclude that an activity or condition within the control or responsibility of defendant caused plaintiff's injury.

## Conclusion

Based on the foregoing, defendant's motion for summary judgment [#15] is granted, and defendant's motion to strike [#29] is denied. This action is dismissed.

SO ORDERED.

DATED this __4th__ day of September, 2009.

                           s/ Michael R. Hogan
                         United States District Judge